JUDGE CEDARBAUM '08 CIV 5681

Ira G. Rosenstein (IR 3429)
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, NY 10103
Telephone:    (212) 506-5000

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICIA BURKEY,

        Plaintiff,

        -against-

SOLSTISS INC., SOLSTISS S.A.,
LAURENCE JAILLET and SANDRINE
BERNARD,

        Defendants.

Case No. _____

**NOTICE OF REMOVAL**

JUN 24 2008
U.S.D.C. S.D. N.Y.
CASHIERS

     1.     Pursuant to 28 U.S.C. § 1441, Defendants Solstiss Inc., Solstiss S.A., Laurence Jaillet and Sandrine Bernard hereby remove to this Court the action entitled *Patricia Burkey v. Solstiss, Inc., Solstiss, S.A., Laurence Jaillet and Sandrine Bernard*, filed in the Supreme Court of the State of New York County of New York, No.106868/08.  A copy of the Summons With Verified Complaint in that action that was served on defendants is attached as Exhibit A hereto.  This Notice is being filed within 30 days of service of the Summons With Verified Complaint.

     2.     The Verified Complaint, seeks recovery of damages for alleged discrimination under Title VII of the Civil Rights Act, 42 U.S.C §2000e et seq., New York State Executive Law §296 et seq. and New York City Human Rights Law, New York Administrative Code §8-101 et seq.

3.      By reason of the foregoing, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C §1331 as this civil action arises under the laws of the United States and the claims are based upon the existence of a Federal question.

4.      To the extent any aspects of Plaintiff's claims are deemed not to be based upon the existence of a Federal question, this Court would nonetheless have supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367 because they are so related to the claims that are based upon the existence of a Federal question that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Venue lies in the U.S. District Court for the Southern District of New York because the state court action was properly filed in this district.  28 U.S.C. § 1441(a).

6.      All Defendants have consented to removal of this action.

7.      Pursuant to 28 U.S.C. § 1446(d), Defendants are serving a copy of this Notice of Removal on Plaintiff and are filing a copy with the Clerk of the Supreme Court of the State of New York, New York County.

DATED:   June 24, 2008

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, NY  10103
Telephone:    (212) 506-5000

By: _____
Ira G. Rosenstein (IR 3429)

Attorneys for Defendants

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------x

PATRICIA BURKEY,

                    Plaintiff,

      -against-

SOLSTISS, INC., SOLSTISS, S.A.
LAURENCE JAILLET and SANDRINE BERNARD,

                  Defendants.

-------------------------------------------------------------------x

Index No.: 106868/08
Date of Purchase:
May 16, 2008

**SUMMONS**

Plaintiff designates
NEW YORK COUNTY
as the Place of Trial.

The basis of the venue is
Plaintiff's residence

TO THE ABOVE-NAMED DEFENDANTS:

      YOU ARE HEREBY SUMMONED to answer the Verified Complaint of the Plaintiff, PATRICIA BURKEY, a copy of which is herewith served upon you, and to serve copies of your Answer thereto upon the undersigned attorneys for the Plaintiff whose address is 40 Wall Street, 15th Floor, New York, New York 10005, within twenty (20) days after service of this Summons upon you, exclusive of the day of service or within thirty (30) days after completion of service if service is made in any manner other than by personal delivery to you within the State of New York.

PLEASE TAKE FURTHER NOTICE, that in case of your failure to answer the

Complaint of the Plaintiff, judgment will be taken against you by default for the relief therein

demanded.

Dated: New York, New York
      May 15, 2008

                                 Yours etc.,

                                 Constantine Hatzis, Esq.
                                 CHEVEN, KEELY & HATZIS, ESQS.
                                 Attorneys for Plaintiff
                                 Office and P.O. Address
                                 40 Wall Street - 15th Street
                                 New York, New York 10005
                                 Telephone #: (212) 809-7600

To:

Solstiss, Inc.
561 Seventh Avenue
New York, New York 10018

Bernard Sandrine
c/o Solstiss, Inc.
561 Seventh Avenue
New York, New York 10018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------X
PATRICIA BURKEY,                                  Index No.:

        Plaintiff,

                                   JURY DEMANDED

                                    COMPLAINT

      -v-

SOLSTISS, INC., SOLSTISS, S.A.
LAURENCE JAILLET and SANDRINE BERNARD

        Defendants.

-------------------------------------------------------X

      Plaintiff **PATRICIA BURKEY** by her attorneys. **CHEVEN, KEELY & HATZIS,**

**ESQS.,** respectfully allege the following for her Complaint:

## **NATURE OF THE ACTION**

    1.     This is an action brought pursuant to Title VII of the Civil Rights Act, 42 U.S.C.§

2000e et seq., New York State Executive Law § 296 et seq., and the New York City Human

Rights Law, New York Administrative Code § 8-101 et seq.

    2.     Plaintiff also brings this action for relief under the common law for intentional

and negligent infliction of emotional distress, and for defamation and slander against the

defendants

    3.     With respect to Plaintiff's claims asserted pursuant to Title VII, on or about July

16, 2007, Plaintiff duly filed a Charge of Discrimination with the United States Equal

Employment Opportunity Commission (EEOC) asserting discrimination on the basis of national

origin. On or about February 20, 2008, the EEOC duly issued to Plaintiff a Notice of Right To Sue.   See Exhibit "A".

4.  This action was timely commenced within ninety days after issuance of the Notice of Right to Sue.

## PARTIES

5.      Plaintiff, Patricia Burkey, is a United States citizen, domiciliary of the State of New York and resident of New York County.   At all times relevant to the complaint she was employed by Defendant Solstiss, Inc., ("Solstiss"), at its New York City offices.

6.      Defendant Solstiss is a New York corporation, located at 561 Seventh Avenue, New York, New York.

7.      Defendant Solstiss is a foreign corporation doing business in the State of New York.

9.      Defendant Solstiss is a domestic partnership doing business in the State of New York.

10.      Defendant Solstiss is a foreign partnership doing business in the State of New York.

11.      Defendant Solstiss is a domestic joint venture doing business in the State of New York.

12.      Defendant Solstiss is a foreign joint venture doing business in the State of New York.

13.      Defendant Solstiss is a domestic unincorporated business doing business in the State of New York.

14.    Defendant Solstiss is a foreign unincorporated business doing business in the State of New York.

15.    Defendant Solstiss is a domestic subsidiary of a foreign corporation doing business in the State of New York.

16.    Defendant Solstiss is a domestic subsidiary of a foreign joint venture doing business in the State of New York.

17.    Upon information and belief Solstiss is the subsidiary of two French companies, Solstiss, S.A. and Bucol, S.A. doing business in the State of New York.

18.    Defendants Solstiss operates a business under the name of Solstiss-Bucol located doing business in the State of New York.

19.    Upon information and belief, Solstiss is a supplier, seller and distributor of lace and fabric for Solstiss S.A. and Bucol, S.A.

20.    At all relevant times, the Defendant Solstiss acted through and by its directors, officers, agents and employees who acted within the scope of their authority and pursuant to the instructions and directions of the Defendant and the Defendant had knowledge of, approved of, ratified and condoned the acts described hereafter.

21.    Upon information and belief at all relevant and various times, Laurence Jaillet, a French National, was and is Executive Vice President of Solstiss in New York City.

22.    Upon information and belief at all relevant and various times, Sandrine Bernard, a French National, was Executive Vice President of Solstiss in New York City.

23.    At all relevant times, the Defendant, Laurence Jaillet, acted within the scope of her authority and pursuant to the instructions and directions of the Defendant Solstiss through its

directors and officers and the Defendant Solstiss had knowledge of, approved of, ratified and condoned the acts of Defendant Jaillet described hereafter.

24.     At all relevant times, the Defendant Bernard acted within the scope of her authority and pursuant to the instructions and directions of the Defendant Solstiss through its directors and officers and the Defendant Solstiss had knowledge of, approved of, ratified and condoned the acts of Defendant Bernard described hereafter.

25.     That at all relevant times Plaintiff Patricia Burkey was an employee of Solstiss at its New York City office.

## FACTS

26.     From 2003 through 2005, Plaintiff was an independent fashion consultant specializing in launching new designers, developing advertising and launching new fashion collections.

27.     Prior to December 13, 2005, Plaintiff maintained a successful career in the fashion industry.  Plaintiff was sales manager for *Showroom Seven International*, of New York City, where she managed sales and development for seven designer collections, assisted designers with merchandising of collections and sold designer collections to specialty and Department both in the United States and internationally.

28.     Prior to December 13, 2005, Plaintiff managed the *Calypso St. Barth Store*, a high-end women's fashion store located on Madison Avenue, New York City.

29.     Prior to December 13, 2005, Plaintiff was sales director for *Julia*, a young designer collection where she opened its corporate showroom and managed its sales.

30.     In October of 2005 while in Paris, France, the Plaintiff was contacted by agents of Solstiss in an attempt to recruit the Plaintiff for a sales position with the company.

31.    Although Solstiss is a New York corporation, upon information and belief it is managed and controlled by its two parent French companies, Solstiss, S.A. and Bucol, S.A.,

32.    Initially, the Plaintiff informed Solstiss' agents that because she had successful consulting business with numerous clients she was not interested in the position.

33.    Solstiss' agents continued to pursue the Plaintiff for the position and eventually the Plaintiff agreed to meet with Solstiss management and discuss the offer.

34.    Thereafter, Plaintiff met with Francois Damide and Laurence Jaillet, both French nationals at the Solstiss office in New York City.

35.    At the meeting, Plaintiff informed Ms. Jaillet that she could not consider taking the position because the base salary offered by Solstiss was below what Plaintiff was then currently earning. As incentive for Plaintiff to accept the position with the company, Ms. Jaillet promised that if Plaintiff accepted the position, she would be provided with lucrative high-end customer sales accounts, including Ralph Lauren, Mark Jacobs and Michael Kors for which she would receive commissions on sales to these companies in addition to her base wage.

36.    Based on Ms. Jaillet's promises and representations and in reliance thereof, Plaintiff agreed to take the position as Sales Account Executive with Solstiss and commenced her employment on or about December 13, 2005.

37.    At about the same time that Plaintiff was hired Solstiss hired Veronique Noe, a French national, as a Sales Account Executive in the New York office.

38.    When the Plaintiff commenced her employment with Solstiss, Ms. Jaillet provided Plaintiff with a list of the customer accounts she would be responsible for servicing. However, the lucrative high-end customer sales accounts that were promised to the Plaintiff in exchange for her agreeing to accept the position with the company were not included in the list.

39.    When the Plaintiff informed Ms. Jaillet that she had not been provided the accounts that the company agreed to provide, Ms. Jaillet told the Plaintiff that the accounts were being assigned to Veronique Noe because she was French and would have an easier time servicing the customers.    Ms. Jaillet knew, however, that the customer accounts used to entice Plaintiff to accept the position with Solstiss were of American companies whose employees were all English speaking, were based in the United States and that the Solstiss and Bucol employees in France who would eventually take customer orders from the New York office also spoke English.

40.    The customer accounts promised by Solstiss to Plaintiff then assigned to Veronique Noe, included certain number of customers who produced multi-line collections. This made the accounts more profitable because it increased the number of sales that sales personnel could generated from any one customer based on the particular line each customer manufactured. The accounts Solstiss assigned to the Plaintiff contained no customers with multi-line collections.

41.    Plaintiff instead, was provided by Solstiss with a list of "dead accounts" which are accounts that for four to five fashion seasons had little or no business with Solstiss, whereas the customer accounts that had been promised to the Plaintiff and assigned to Veronique Noe were constant and active accounts.

42.    Despite the disparity in the distribution of customer accounts, Plaintiff was nevertheless expected to meet the same sales goals as those of the French national sales personnel who had been provided by Solstiss with active and more lucrative accounts.

43.    Assigning of lucrative high-end customer sales accounts to a French national with less experience and skill than the Plaintiff by Solstiss was an intentional and willful act intended

to discriminate against the Plaintiff, a citizen of the United States, because of her national origin and was in violation of Title VII of the Civil Rights Act, 42 U.S.C.§ 2000e et seq.; New York State Executive Law § 296 et seq., and the New York City Human Rights Law, New York Administrative Code § 8-101 et seq.

44.     Assigning of lucrative high-end customer sales accounts to a French national with less experience and skill than the Plaintiff by Solstiss was done with the knowledge and express approval of Solstiss, Inc., who acted through and by its directors, officers, agents and employees and who ratified and condoned the acts described herein.

45.     Assigning of accounts of customers who had little or no prior sales activity with Solstiss was an intentional and willful act intended to discriminate against the Plaintiff, a citizen of the United States, because of her national origin and was in violation of Title VII of the Civil Rights Act, 42 U.S.C.§ 2000e et seq., New York State Executive Law § 296 et seq., and the New York City Human Rights Law, New York Administrative Code § 8-101 et seq.

46.     Assigning of accounts of customers who had little or no prior sales activity with Solstiss was done with the knowledge and express approval of Solstiss, who acted through and by its directors, officers, agents and employees and who ratified and condoned the acts described herein.

47.     In February of 2006, Plaintiff through her own skill and initiative secured the "Nine West" account for Solstiss. The addition of Nine West resulted in Plaintiff creating and managing a special project known as the "Design Capsule". The Design Capsule was a joint venture in which Nine West, would team with other fashion designers to develop a new line of apparel. The acquisition by Plaintiff of this account for Solstiss resulted in the joint venture of designers who would incorporate Solstiss-Bucol lace in their new apparel line.

48.    Immediately, thereafter, Ms. Jaillet in an attempt undermine Plaintiff's relationship with Nine West and wrest control of the account from the Plaintiff and assign it to French national sales personnel, began to interfere with Plaintiff's service of the account. For example, Ms. Jaillet would insist on attending all sales meeting with the customer even though she had been informed that her involvement had become a hindrance and an annoyance to Nine West. When it became clear she would be unable to take over control of the Nine West account, Ms. Jaillet used her authority to put stop orders on Nine West's time sensitive merchandise and insisted that Nine West, who had a spotless credit history, pay in advance of orders causing numerous delivery problems and jeopardizing Plaintiff's relationship with the customer and causing plaintiff great embarrassment and humiliation.

49.    On or about July of 2006, Ms. Jaillet was replaced as Executive Vice President of Solstiss, by Sandrine Bernard, a French national.

50.    When the Plaintiff attempted to bring to Ms. Bernard's attention the disparity in the distribution of customer accounts and her prior dealing with Ms. Jaillet, Ms. Bernard told the Plaintiff that the customer accounts that had been promised would remain with the French sales executive, Veronique Noe.

51.    Solstiss' decision in refusing to remedy its discriminatory practice of continuing to deprive Plaintiff of the more lucrative and profitable customer accounts was an intentional and willful act intended to discriminate against the Plaintiff, a citizen of the United States, because of her national origin and was in violation of Title VII of the Civil Rights Act, 42 U.S.C.§ 2000e et seq., New York State Executive Law § 296 et seq., and the New York City Human Rights Law, New York Administrative Code § 8-101 et seq.

52.     Solstiss' decision in refusing to remedy its discriminatory practice of continuing to deprive Plaintiff of the more lucrative and profitable customer accounts was done with the knowledge and express approval of Solstiss, who acted through and by its directors, officers, agents and employees and who ratified and condoned the acts described herein.

53.     In August of 2006, as a result of the Plaintiff's management of the Solstiss' accounts during the weeks leading up to Fashion Week,[1] the fabric director of one of the leading fashion houses, and a large Solstiss customer, the Marc Jacobs Company, communicated and demanded of Solstiss that Plaintiff take over the management his company's account. At the time, the Marc Jacobs account had been assigned to Veronique Noe. Despite the fact that the Marc Jacobs Company insisted that Plaintiff service its account, Solstiss refused to assign the account to the Plaintiff.

54.     Solstiss' decision in refusing to assign the Marc Jacobs account to the Plaintiff even after the customer insisted on the transfer was an intentional and willful act intended to discriminate against the Plaintiff, a citizen of the United States, because of her national origin and was in violation of Title VII of the Civil Rights Act, 42 U.S.C.§ 2000e et seq., New York State Executive Law § 296 et seq., and the New York City Human Rights Law, New York Administrative Code § 8-101 et seq.

55.     Solstiss' decision in refusing to assign the Marc Jacobs account to the Plaintiff even after the customer insisted on the transfer was done with the knowledge and express approval of Solstiss, who acted through and by its directors, officers, agents and employees and who ratified and condoned the acts described herein.

---

[1] Fashion Week in New York is a large event wherein fashion designers from all over the work exhibit their creations for the new seasons.

56.     Upon information and belief, Solstiss' management was engaging in a pattern and practice of keeping lucrative accounts from being assigned to the Plaintiff and allowing only French nationals to service them.

57.     In January of 2007, Plaintiff requested a yearly review and increase in her salary. Despite Plaintiff's excellent record in producing revenue for the company, she was denied any additional compensation or accounts.

58.     Solstiss' decision in refusing to adequately compensate the Plaintiff with an increase in her wages, commissions and accounts was an intentional and willful act intended to discriminate against the Plaintiff, a citizen of the United States, because of her national origin and was in violation of Title VII of the Civil Rights Act, 42 U.S.C.§ 2000e et seq., New York State Executive Law § 296 et seq., and the New York City Human Rights Law, New York Administrative Code § 8-101 et seq.

59.     Thereafter, Plaintiff's work environment became increasingly hostile and her advancement was stymied, stunted and curtailed by Solstiss management.  During this period, Plaintiff developed work related anxiety, from which she continues to suffer and received treatment.

60.     On January 16, 2007, Plaintiff was forced to leave the office because of a work related illness, i.e., stress and anxiety.  Despite the fact that Plaintiff provided Solstiss with documentation in the form of a doctor's note regarding the state of her health, on January 24, 2007, Solstiss terminated Plaintiff's employment, although she was still on medical leave and under a doctors' care.

61.     Although Solstiss was timely informed of Plaintiff's medical condition, it made no reasonable accommodation to address the Plaintiff's working conditions or provide her with adequate alternatives so that Plaintiff could resume her employment.

62.     After Plaintiff discharge, she attempted to obtain commissions that were due her as a result of sales that she generated for the company.

63.     Upon information and belief, in furtherance of its discriminatory acts Defendants manipulated sales reports and invoices to reflect that sales that the Plaintiff generated were made by others sales personnel in a deliberate to avoid paying Plaintiff her earned commissions.

64.     Upon information and belief, during the time that Plaintiff was absent due to her medical condition, Defendant Bernard made defamatory and slanderous remarks to third parties about the Plaintiff.  Specifically, Defendant Bernard told customers of Solstiss that Plaintiff was "psychotic", "unreliable" and "undependable".

65.     Upon information and belief, the remarks were made the statements in the presence of others with actual malice toward the Plaintiff, in a wrongful and willful attempt to injure the reputation and feelings of the Plaintiff and to expose her to ridicule and contempt.

66.     Upon information and belief, Defendant Bernard encouraged, approved and facilitated other employees to utter false, slanderous and defamatory statements about the Plaintiff with the specific intent to injure the Plaintiff's reputation.

67.     Upon information and belief the slanderous and defamatory statements made against and about the Plaintiff were known to, encouraged by, approved and facilitated by Solstiss' directors and officers.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

68.   Plaintiff repeats and realleges and incorporates by reference Paragraphs 1 through 67 of the Complaint as fully set forth herein.

69.   Defendants discriminated against the Plaintiff in the items and conditions of her employment on the basis of her national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

70.   During the course of her employment with the Defendants, Plaintiff was subjected to a discriminatory, hostile and offensive work environment because of Plaintiff national origin as more fully described in the general allegations.

71.   Defendants discriminated against the Plaintiff and violated Plaintiff's right to a workplace free from discrimination based on national origin guaranteed her by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

72.   Defendants harassed, discriminated against and discharged the Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

73.   That the Defendants' acts were willful, malicious and intentional

74.   That the Defendants' acts were carried out with knowledge of their illegality.

75.   That the Defendants' acts were carried out in furtherance of Defendants' policy and practice to discriminate against those persons who were non French nationals.

76.   That as a result of the Defendants' discriminatory acts, the Plaintiff has been damaged, has endured pain and suffering, has been degraded and humiliated, and has lost wages and benefits.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

77.    Plaintiff repeats and realleges and incorporates by reference Paragraphs 1 through 76 of the Complaint as fully set forth herein.

78.    Defendants discriminated against the Plaintiff in the items and conditions of her employment on the basis of her national origin in violation of Section 296 et seq., of the Executive Law of the State of New York.

79.    Defendants discriminated against the Plaintiff and violated Plaintiff's right to a workplace free from discrimination based on national origin guaranteed her by Section 296 et seq., of the Executive Law of the State of New York.

80.    During the course of her employment with the Defendants, Plaintiff was subjected to a discriminatory, hostile and offensive work environment because of Plaintiff national origin as more fully described in the general allegations.

81.    Defendants harassed, discriminated against and discharged the Plaintiff in violation of the Section 296 et seq., of the Executive Law of the State of New York.

82.    That the Defendants' acts were willful, malicious and intentional

83.    That the Defendants' acts were carried out with knowledge of their illegality.

84.    That the Defendants' acts were carried out in furtherance of Defendants' policy and practice to discriminate against those persons who were not French nationals.

85.    That as a result of the Defendants' discriminatory acts, the Plaintiff has been damaged, has endured pain and suffering, has been degraded and humiliated, and has lost wages and benefits.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION

86.    Plaintiff repeats and realleges and incorporates by reference Paragraphs 1 through 85 of the Complaint as fully set forth herein.

87.    During the course of her employment with the Defendants, Plaintiff was subjected to a discriminatory, hostile and offensive work environment because of Plaintiff national origin as more fully described in the general allegations.

88.    Defendants discriminated against the Plaintiff in the items and conditions of her employment, compensation, conditions and privileges in violation of the New York City Human Rights Law, New York Administrative Code § 8-101 et seq.

89.    Defendants harassed, discriminated against and discharged the Plaintiff in violation of the New York City Human Rights Law, New York Administrative Code § 8-101 et seq.

90.    That the Defendants' acts were willful, malicious and intentional

91.    That the Defendants' acts were carried out with knowledge of their illegality.

92.    That the Defendants' acts were carried out in furtherance of Defendants' policy and practice to discriminate against those persons who were not French nationals.

93.    That as a result of the Defendants' discriminatory acts, the Plaintiff has been damaged, has endured pain and suffering, has been degraded and humiliated, and has lost wages and benefits.

## AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION

94.    Plaintiff repeats and realleges and incorporates by reference Paragraphs 1 through 93 of the Complaint as fully set forth herein.

95.    As set forth herein, during her employment with Defendant Solstiss, Plaintiff was subjected to a pattern and practice of discrimination and misconduct in the workplace based, in whole or in part, on her National origin.

96.    At all relevant times, the Defendants knew or should have known that their acts were discriminatory and illegal and ignore evidence of same.

97.    At all relevant times, the Defendants knew or should have known that the accusations directed at the Plaintiff by its executive staff were false and despite said knowledge made no attempt to stop, prevent or discipline those involved in the activity.

98.    That the above Defendants in terminating Plaintiff's employment acted intentionally, recklessly, and/or with deliberate indifference to a substantial probability that severe emotional distress would result to Plaintiff.

99.    That the Defendants' actions toward the Plaintiff as set forth above, are evidence of a pattern and practice of National origin discrimination which further constitutes extreme and outrageous conduct.

100.    The Defendants knew, or should have known, that failure to exercise due care in the performance of their responsibilities would cause the Plaintiff severe emotional distress.

101.    That the Defendants' acts were willful, malicious and intentional

102.    That the Defendants' acts were carried out with knowledge of their illegality.

103.    That the Defendants' acts were carried out in furtherance of Defendants' policy and practice to discriminate against those persons who were not French nationals.

104.    That as a direct and proximate result of the Defendants' extreme and outrageous conduct, Plaintiff suffered severe emotional distress.

105.    That as a result of the Defendants' acts, the Plaintiff has been damaged, has endured pain and suffering, has been degraded and humiliated.

## AS AND FOR PLAINTIFF'S FIFTH CAUSE OF ACTION

106.    Plaintiff repeats and realleges and incorporates by reference Paragraphs 1 through 105 of the Complaint as fully set forth herein.

107.    That during the course of her employment and scope of her authority and with the knowledge, approval and acquiescence of the corporate Defendants, the Defendant Sandrine Bernard in the presence and hearing of a large number of people and/or employees at various times and locations uttered false and defamatory statements about the Plaintiff.

108.    Defendant Sandrine Bernard made the statements with the specific intent to injure the Plaintiff in her profession, and to denigrate her reputation, skills, ability and experience in the industry.

109.    Defendant Sandrine Bernard made the statements in the presence of many persons who were acquainted with the Plaintiff on both a professional and personal basis although the Plaintiff was not present at the time.

110.    Defendant Sandrine Bernard made the defamatory statements with actual malice toward the Plaintiff, in a wrongful and willful attempt to injure the reputation and feeling of the Plaintiff and to expose her to ridicule and contempt.

111.    That the Defendant's acts were willful, malicious and intentional.

112.    That the Defendant's acts constitute slander per se.

113.    That as a direct and proximate result of the Defendants' extreme and outrageous conduct, Plaintiff suffered severe emotional distress.

114.    That as a result of the Defendants' acts, the Plaintiff has been damaged, has endured pain and suffering, has been degraded and humiliated.

115.    That during the course of her employment and scope of her authority and with the knowledge, approval and acquiescence of the corporate Defendants, the Defendant Sandrine Bernard encouraged approved and facilitated other employees to utter false and defamatory statements about the Plaintiff with the specific intent to injure the Plaintiff in her profession, and to denigrate her reputation, skills, ability and experience in the industry.

116.    That the corporate Defendants had actual knowledge and information that false and defamatory statements about the Plaintiff were being made and communicated by its employees with the specific intent to injure the Plaintiff in her profession, and to denigrate her reputation, skills, ability and experience in the industry.

117.    That the corporate Defendants encouraged, approved and facilitated the utterance and dissemination of false and defamatory statements about the Plaintiff with the specific intent to injure the Plaintiff in her profession, and to denigrate her reputation, skills, ability and experience in the industry.

118.    That the corporate Defendants through intentionally or through neglect or both failed to prevent or take action against those individuals involved in defaming and slandering the Plaintiff after being alerted that such action, conduct and activities were occurring.

**WHEREFORE**, the Plaintiff demands judgment and damage against the Defendants as follows:

a.    **AS TO PLAINTIFF'S FIRST CAUSE OF ACTION**

Compensatory damages.
Punitive damages
Attorney's fees and costs

b.    **AS TO PLAINTIFF'S SECOND CAUSE OF ACTION**
      Compensatory damages.
      Attorney's fees and costs

c.    **AS TO PLAINTIFF'S THIRD CAUSE OF ACTION**
      Compensatory damages
      Punitive damages
      Attorney's fees and costs

d.    **TO PLAINTIFF'S FOURTH CAUSE OF ACTION**
      Compensatory damages
      Punitive damages
      Attorney's fees and costs

e     **TO PLAINTIFF'S FIFTH CAUSE OF ACTION**
      Compensatory damages
      Punitive damages
      Attorney's fees and costs


Together with such other and further relief as the Court deems equitable and just.

Dated: May 14, 2008

                              Yours, etc.

        **By:**     _____

                              Constantine Hatzis, Esq.

                              CHEVEN, KEELY & HATZIS, ESQS.
                              *Attorneys for Plaintiff*
                              PATRICIA BURKEY
                              **40 Wall Street - 15th Floor**
                              **New York, New York 10005**
                              **(212) 809-7600**
                              **Our File No.:2007-2059(AR2)**

## <u>CERTIFICATION</u>

The foregoing **SUMMONS AND VERIFIED COMPLAINT** are hereby certified pursuant to 22N.Y.CPLR. 130-1.2-a.


DATED:      NEW YORK, NEW YORK
            May 14, 2008

                                        _____
                                        CONSTATINE HATZIS, ESQ.

## INDIVIDUAL CLIENT VERIFICATION

STATE OF NEW YORK    )
                         )SS.:
COUNTY OF NEW YORK  )

       I, Patricia Burkey, being duly sworn, deposes and says that I am the Plaintiff in

the within action; that I have read the foregoing Complaint and knows the contents thereof; that

the same is true to my own knowledge, except as to the matters therein stated to be alleged upon

information and belief, and that as to those matters I believes it to be true.

By: _____
     Signature

     Patricia Burkey
     _____
     Print

Sworn to before me this

15th day of May, 2008

_____
NOTARY PUBLIC

ANGELO RIOS
Notary Public, State of New York
No. 02RI5023168
Qualified in Queens County
Commission Expires January 31, 2010



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3620
TTY (212) 336-3622
General FAX (212) 336-3625

Patricia Burkey
129 East 80 Street, Apt. 2-B
New York, NY 10021

Re:    Patricia Burkey v. Solstisss, Inc.
       EEOC Charge No.:  520 - 2007 - 03656

Dear Ms. Burkey:

We have received your request for a Notice of Right to Sue.  Given the extent of additional investigation required, including the interviewing of Respondent's representatives, and Charging Party's witnesses, and the collection of other evidence / information, the Commission concludes that it would be unable to complete the administrative processing of this charge within the next 200 days.  Enclosed is your Notice of Right To Sue.

On behalf of the Commission

Spencer H. Lewis, Jr.                                    2/20/2008
District Director

Attn.:  Angelo Rios
Cheven Keely & Hatzis
40 Wall Street, 15th Floor
New York, New York 10005 – 2301
Telephone: 212.809.7600
Facsimile:212.809.4793

Attn.: Ira G. Rosenstein
Orrick, Herrington & Sutcliff, LLP
666 Fifth Avenue
New York, New York 10103 - 0001
Telephone: 212.506.5228
Facsimile:212.506.5151

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To:  Patricia Burkey<br>129 East 80 Street<br>Apt. 2-B<br>New York, NY 10021 | From:  New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2007-03656 | Hazel C. Stewart,<br>Supervisory Investigator | (212) 336-3776 |

NOTICE TO THE PERSON AGGRIEVED:

(See also the additional information enclosed with this form.)

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Spencer H. Lewis Jr.*                    2/20/2008

Spencer H. Lewis, Jr.,                    (Date Mailed)
Director

Enclosures(s)

| | |
|---|---|
| cc:  SOLSTISS, INC.<br>Attn.: Ira G. Rosenstein<br>Orrick, Herrington & Sutcliff, LLP<br>666 Fifth Avenue<br>New York, NY 10103 - 0001 | Attn.: Angelo Rios<br>Cheven Keely & Hatzis<br>40 Wall Street, 15th Floor<br>New York, New York 10005 - 2301 |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PATRICIA BURKEY,

        Plaintiff,

    v.

SOLSTISS, INC., SOLSTISS, S.A., LAURENCE
JAILLET and SANDRINE BERNARD,

        Defendants.

Index No.: 106868/08

**ANSWER**

Defendant SOLSTISS, INC., SOLSTISS, S.A.S and SANDRINE BERNARD ("Defendants") hereby respond to Plaintiff's Complaint through their attorneys, ORRICK, HERRINGTON AND SUTCLIFFE, LLP as follows:

## **NATURE OF THE ACTION**

1.    Defendants neither admit nor deny the allegations set forth in Paragraph 1 as they state legal conclusions to which no response is required.

2.    Defendants neither admit nor deny the allegations set forth in Paragraph 2 as they state legal conclusions to which no response is required.

3.    Defendants neither admit nor deny the allegations set forth in Paragraph 3 as they state legal conclusions to which no response is required.

4.    Defendants neither admit nor deny the allegations set forth in Paragraph 4 as they state legal conclusions to which no response is required.

## **PARTIES**

5.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 5 except admit that Plaintiff was employed by Solstiss Inc. ("Solstiss") in New York City.

NEW YORK
COUNTY CLERK'S OFFICE

JUN 18 2008

NOT COMPARED
WITH COPY FILE

6.    Defendants admit the allegations set forth in Paragraph 6.

7.    Defendants deny the allegations set forth in Paragraph 7.

8.    Defendants deny the allegations set forth in Paragraph 8.

9.    Defendants deny the allegations set forth in Paragraph 9.

10.    Defendants deny the allegations set forth in Paragraph 10.

11.    Defendants deny the allegations set forth in Paragraph 11.

12.    Defendants deny the allegations set forth in Paragraph 12.

13.    Defendants deny the allegations set forth in Paragraph 10.

14.    Defendants deny the allegations set forth in Paragraph 14

15.    Defendants admit the allegations set forth in Paragraph 15.

16.    Defendants deny the allegations set forth in Paragraph 16.

17.    Defendants deny the allegations set forth in Paragraph 17.

18.    Defendants neither admit nor deny the allegations set forth in Paragraph 18 as the allegations are not reasonably discernable.

19.    Defendants deny the allegations set forth in Paragraph 19 except admit that Solstiss is a supplier, seller and distributor of lace and fabric for Solstiss S.A.S among other manufacturers.

20.    Defendants deny the allegations set forth in Paragraph 20 as the allegations are not reasonably discernable.

21.    Defendants deny the allegations set forth in Paragraph 21 except admit that Defendant Jaillet was at one time an executive vice president of Solstiss Inc. based in New York and is a French national.

22.    Defendants deny the allegations set forth in Paragraph 22 except admit that Defendant Bernard is currently the executive vice president of Solstiss Inc. based in New York and is a French national.

23.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 23.

24.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 24.

25.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 25, except admit that Plaintiff was an employee of Solstiss Inc. from December of 2005 until January of 2007.

26.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 26.

27.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 27.

28.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 28.

29.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 29.

30.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations the allegations set forth in Paragraph 30.

31.    Defendants deny the allegations set forth in Paragraph 31.

32.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 32.

33.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 33.

34.    In response to the allegations set forth in Paragraph 34, Defendants admit that Plaintiff met with Ms. Jaillet and Mr. Damide in New York City to discuss potential employment with Solstiss.

35.    Defendants deny the allegations set forth in Paragraph 35.

36.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 36 except admit that Plaintiff accepted employment as a Sales Account Executive at Solstiss in or about December of 2005.

37.    Defendants admit the allegations set forth in Paragraph 37.

38.    Defendants deny the allegations set forth in Paragraph 38, except admit that Plaintiff was assigned certain customer accounts upon her employment by Defendant Jaillet.

39.    Defendants deny the allegations set forth in Paragraph 39.

40.    Defendants deny the allegations set forth in Paragraph 40, except admit that Ms. Noe, like Plaintiff, was assigned customer accounts with "multiline" collections.

41.    Defendants deny the allegations set forth in Paragraph 41.

42.    Defendants deny the allegations set forth in Paragraph 42, except admit that Plaintiff was expected to meet sales goals.

43.    Defendants deny the allegations set forth in Paragraph 43.

44.    Defendants deny the allegations set forth in Paragraph 44.

45.    Defendants deny the allegations set forth in Paragraph 45.

46.    Defendants deny the allegations set forth in Paragraph 46.

47.    Defendants deny the allegations set forth in Paragraph 47, except admit that in 2006, Solstiss worked on a project with Nine West know as "Design Capsule."

48.    Defendants deny the allegations set forth in Paragraph 48.

49.    Defendants admit the allegations set forth in Paragraph 49.

50.    Defendants deny the allegations set forth in Paragraph 50 except admit that ms. Bernard did not take accounts from Ms. Noe and assign them to Plaintiff as Plaintiff demanded.

51.    Defendants deny the allegations set forth in Paragraph 51.

52.    Defendants deny the allegations set forth in Paragraph 52.

53.    Defendants deny the allegations set forth in Paragraph 53.

54.    Defendants deny the allegations set forth in Paragraph 54.

55.    Defendants deny the allegations set forth in Paragraph 55.

56.    Defendants deny the allegations set forth in Paragraph 56.

57.    Defendants deny the allegations set forth in Paragraph 57.

58.    Defendants deny the allegations set forth in Paragraph 58.

59.    Defendants deny the allegations set forth in Paragraph 59, except deny knowledge or information sufficient to determine the truth or falsity of the allegations in the second sentence of Paragraph 59.

60.    Defendants deny the allegations set forth in Paragraph 60, except deny knowledge or information sufficient to determine the truth or falsity of the allegations in the first sentence of Paragraph 60.

61.    Defendants deny the allegations set forth in Paragraph 61.

62.    Defendants deny the allegations set forth in Paragraph 62.

63.    Defendants deny the allegations set forth in Paragraph 63.

64.     Defendants deny the allegations set forth in Paragraph 64.

65.     Defendants deny the allegations set forth in Paragraph 65.

66.     Defendants deny the allegations set forth in Paragraph 66.

67.     Defendants deny the allegations set forth in Paragraph 67.

## AS AND FOR THE FIRST CAUSE OF ACTION

68.     Defendants reallege the responses to Paragraphs 1 - 67 as set forth herein in full.

69.     Defendants deny the allegations set forth in Paragraph 69.

70.     Defendants deny the allegations set forth in Paragraph 70.

71.     Defendants deny the allegations set forth in Paragraph 71.

72.     Defendants deny the allegations set forth in Paragraph 72.

73.     Defendants deny the allegations set forth in Paragraph 73.

74.     Defendants deny the allegations set forth in Paragraph 74.

75.     Defendants deny the allegations set forth in Paragraph 75.

76.     Defendants deny the allegations set forth in Paragraph 76.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

77.     Defendants reallege the responses to Paragraphs 1 - 76 as set forth herein in full.

78.     Defendants deny the allegations set forth in Paragraph 78.

79.     Defendants deny the allegations set forth in Paragraph 79.

80.     Defendants deny the allegations set forth in Paragraph 80.

81.     Defendants deny the allegations set forth in Paragraph 81.

82.     Defendants deny the allegations set forth in Paragraph 82.

83.     Defendants deny the allegations set forth in Paragraph 83.

84.     Defendants deny the allegations set forth in Paragraph 84.

85.     Defendants deny the allegations set forth in Paragraph 85.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION

86.    Defendants reallege the responses to Paragraphs 1 - 85 as set forth herein in full.

87.    Defendants deny the allegations set forth in Paragraph 87.

88.    Defendants deny the allegations set forth in Paragraph 88.

89.    Defendants deny the allegations set forth in Paragraph 89.

90.    Defendants deny the allegations set forth in Paragraph 90.

91.    Defendants deny the allegations set forth in Paragraph 91.

92.    Defendants deny the allegations set forth in Paragraph 92.

93.    Defendants deny the allegations set forth in Paragraph 93.

## AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION

94.    Defendants reallege the responses to Paragraphs 1 - 93 as set forth herein in full.

95.    Defendants deny the allegations set forth in Paragraph 95.

96.    Defendants deny the allegations set forth in Paragraph 96.

97.    Defendants deny the allegations set forth in Paragraph 97.

98.    Defendants deny the allegations set forth in Paragraph 98.

99.    Defendants deny the allegations set forth in Paragraph 99.

100.    Defendants deny the allegations set forth in Paragraph 100.

101.    Defendants deny the allegations set forth in Paragraph 101.

102.    Defendants deny the allegations set forth in Paragraph 102.

103.    Defendants deny the allegations set forth in Paragraph 103.

104.    Defendants deny the allegations set forth in Paragraph 104.

105.    Defendants deny the allegations set forth in Paragraph 105.

## AS AND FOR PLAINTIFF'S FIFTH CAUSE OF ACTION

106.    Defendants deny the allegations set forth in Paragraph 106.

107.    Defendants deny the allegations set forth in Paragraph 107.

108.    Defendants deny the allegations set forth in Paragraph 108.

109.    Defendants deny the allegations set forth in Paragraph 109.

110.    Defendants deny the allegations set forth in Paragraph 110.

111.    Defendants deny the allegations set forth in Paragraph 111.

112.    Defendants deny the allegations set forth in Paragraph 112.

113.    Defendants deny the allegations set forth in Paragraph 113

114.    Defendants deny the allegations set forth in Paragraph 114

115.    Defendants deny the allegations set forth in Paragraph 115

116.    Defendants deny the allegations set forth in Paragraph 116.

117.    Defendants deny the allegations set forth in Paragraph 117.

118.    Defendants deny the allegations set forth in Paragraph 118.

119.    Defendants deny that Plaintiff is entitled to any damages contained in the "Wherefore" clause of the Complaint.

120.    Defendants deny all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

121.    The Complaint fails to state a claim upon which relief can be granted.

122.    Plaintiff's claims against Defendant Sandrine Bernard is barred, in whole or in part, because there is no individual liability under federal anti-discrimination law.

123.    Plaintiff has failed to exhaust her administrative remedies against Defendants.

124.    Some or all of the claims are time-barred.

125.   Plaintiff has not met the pleading requirements for a claim of defamation.

126.   Plaintiff cannot state a claim of defamation based on the doctrines of privilege and/or because it is truthful or non-actionable opinion.

127.   Plaintiff lacks jurisdiction over Defendant Solstiss. S.A.

127.   Defendant reserves the right to add additional defenses.

WHEREFORE, Defendants respectfully request that the Court enter judgment in its favor and dismiss Plaintiff's claims with prejudice and for such other and further relief as the Court deems appropriate.

By: _____

Ira G. Rosenstein

Orrick, Herrington & Sutcliffe LLP

666 Fifth Avenue
New York, New York 10103
212-506-5000

Attorneys for Defendants

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK )


PATRICIA L. CULLEN, being duly sworn, deposes and says:

I am not a party to this action, am over 18 years of age, and reside in Suffolk County, State

of New York.  On June 17, 2008, I served a true copy of Defendants Answer, via first class mail

upon:

> Constantine Hatzis, Esa.
> Cheven, Keely & Hatzis, Esqs.
> 40 Wall Street, 15th Floor
> New York, New York 10005

_____
PATRICIA L. CULLEN

Sworn to before me this
17th day of June, 2008

_____
Notary Public

**OLGA E. FUCCI**
**Notary Public, State of New York**
**No. 01FU4885941**
**Qualified in Queens County**
**Commission Expires February 23, 20__**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PATRICIA BURKEY,

               Plaintiff,

      v.

SOLSTISS, INC., SOLSTISS, S.A., LAURENCE
JAILLET and SANDRINE BERNARD,

               Defendant.

Index No.: 106868/08

**ANSWER**

Defendant LAURENCE JAILLET ("Defendant") hereby respond to Plaintiff's Complaint

through her attorneys, ORRICK, HERRINGTON AND SUTCLIFFE, LLP as follows:

## **NATURE OF THE ACTION**

1.    Defendant neither admits nor denies the allegations set forth in Paragraph 1 as
they state legal conclusions to which no response is required.

2.    Defendant neither admits nor denies the allegations set forth in Paragraph 2 as
they state legal conclusions to which no response is required.

3.    Defendant neither admits nor denies the allegations set forth in Paragraph 3 as
they state legal conclusions to which no response is required.

4.    Defendant neither admits nor denies the allegations set forth in Paragraph 4 as
they state legal conclusions to which no response is required.

## **PARTIES**

5.    Defendant denies knowledge or information sufficient to form a belief as to the
truth or falsity of the allegations set forth in Paragraph 5 except admits that Plaintiff was
employed by Solstiss Inc. ("Solstiss") in New York City.

6.    Defendant admits the allegations set forth in Paragraph 6.

33.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 33.

34.    In response to the allegations set forth in Paragraph 34, Defendant admits that Plaintiff met with Ms. Jaillet and Mr. Damide in New York City to discuss potential employment with Solstiss.

35.    Defendant denies the allegations set forth in Paragraph 35.

36.    Defendant denies the allegations set forth in Paragraph 36 except admits that Plaintiff accepted employment as a Sales Account Executive at Solstiss in or about December of 2005.

37.    Defendant admits the allegations set forth in Paragraph 37.

38.    Defendant denies the allegations set forth in Paragraph 38, except admits that Plaintiff was assigned certain customer accounts upon her employment by Defendant Jaillet.

39.    Defendant denies the allegations set forth in Paragraph 39.

40.    Defendant denies the allegations set forth in Paragraph 40, except admits that Ms. Noe, like Plaintiff, was assigned customer accounts with "multiline" collections.

41.    Defendant denies the allegations set forth in Paragraph 41.

42.    Defendant denies the allegations set forth in Paragraph 42, except admits that Plaintiff was expected to meet sales goals.

43.    Defendant denies the allegations set forth in Paragraph 43.

44.    Defendant denies the allegations set forth in Paragraph 44.

45.    Defendant denies the allegations set forth in Paragraph 45.

46.    Defendant denies the allegations set forth in Paragraph 46.

47.    Defendant denies the allegations set forth in Paragraph 47, except admits that in 2006, Solstiss worked on a project with Nine West.

48.    Defendant denies the allegations set forth in Paragraph 48.

49.    Defendant admits the allegations set forth in Paragraph 49.

50.    Defendant denies the allegations set forth in Paragraph 50 except admits that ms. Bernard did not take accounts from Ms. Noe and assign them to Plaintiff as Plaintiff demanded.

51.    Defendant denies the allegations set forth in Paragraph 51.

52.    Defendant denies the allegations set forth in Paragraph 52.

53.    Defendant denies the allegations set forth in Paragraph 53.

54.    Defendant denies the allegations set forth in Paragraph 54.

55.    Defendant denies the allegations set forth in Paragraph 55.

56.    Defendant denies the allegations set forth in Paragraph 56.

57.    Defendant denies the allegations set forth in Paragraph 57.

58.    Defendant denies the allegations set forth in Paragraph 58.

59.    Defendant denies the allegations set forth in Paragraph 59, except denies knowledge or information sufficient to determine the truth or falsity of the allegations in the second sentence of Paragraph 59.

60.    Defendant denies the allegations set forth in Paragraph 60, except denies knowledge or information sufficient to determine the truth or falsity of the allegations in the first sentence of Paragraph 60.

61.    Defendant denies the allegations set forth in Paragraph 61.

62.    Defendant denies the allegations set forth in Paragraph 62.

63.    Defendant denies the allegations set forth in Paragraph 63.

64.   Defendant denies the allegations set forth in Paragraph 64.

65.   Defendant denies the allegations set forth in Paragraph 65.

66.   Defendant denies the allegations set forth in Paragraph 66.

67.   Defendant denies the allegations set forth in Paragraph 67.

## AS AND FOR THE FIRST CAUSE OF ACTION

68.   Defendant realleges the responses to Paragraphs 1 - 67 as set forth herein in full.

69.   Defendant denies the allegations set forth in Paragraph 69.

70.   Defendant denies the allegations set forth in Paragraph 70.

71.   Defendant denies the allegations set forth in Paragraph 71.

72.   Defendant denies the allegations set forth in Paragraph 72.

73.   Defendant denies the allegations set forth in Paragraph 73.

74.   Defendant denies the allegations set forth in Paragraph 74.

75.   Defendant denies the allegations set forth in Paragraph 75.

76.   Defendant denies the allegations set forth in Paragraph 76.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

77.   Defendant realleges the responses to Paragraphs 1 - 76 as set forth herein in full.

78.   Defendant denies the allegations set forth in Paragraph 78.

79.   Defendant denies the allegations set forth in Paragraph 79.

80.   Defendant denies the allegations set forth in Paragraph 80.

81.   Defendant denies the allegations set forth in Paragraph 81.

82.   Defendant denies the allegations set forth in Paragraph 82.

83.   Defendant denies the allegations set forth in Paragraph 83.

84.   Defendant denies the allegations set forth in Paragraph 84.

85.   Defendant denies the allegations set forth in Paragraph 85.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION

86.    Defendant realleges the responses to Paragraphs 1 - 85 as set forth herein in full.

87.    Defendant denies the allegations set forth in Paragraph 87.

88.    Defendant denies the allegations set forth in Paragraph 88.

89.    Defendant denies the allegations set forth in Paragraph 89.

90.    Defendant denies the allegations set forth in Paragraph 90.

91.    Defendant denies the allegations set forth in Paragraph 91.

92.    Defendant denies the allegations set forth in Paragraph 92.

93.    Defendant denies the allegations set forth in Paragraph 93.

## AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION

94.    Defendant realleges the responses to Paragraphs 1 - 93 as set forth herein in full.

95.    Defendant denies the allegations set forth in Paragraph 95.

96.    Defendant denies the allegations set forth in Paragraph 96.

97.    Defendant denies the allegations set forth in Paragraph 97.

98.    Defendant denies the allegations set forth in Paragraph 98.

99.    Defendant denies the allegations set forth in Paragraph 99.

100.    Defendant denies the allegations set forth in Paragraph 100.

101.    Defendant denies the allegations set forth in Paragraph 101.

102.    Defendant denies the allegations set forth in Paragraph 102.

103.    Defendant denies the allegations set forth in Paragraph 103.

104.    Defendant denies the allegations set forth in Paragraph 104.

105.    Defendant denies the allegations set forth in Paragraph 105.

## AS AND FOR PLAINTIFF'S FIFTH CAUSE OF ACTION

106. Defendant denies the allegations set forth in Paragraph 106.

107. Defendant denies the allegations set forth in Paragraph 107.

108. Defendant denies the allegations set forth in Paragraph 108.

109. Defendant denies the allegations set forth in Paragraph 109.

110. Defendant denies the allegations set forth in Paragraph 110.

111. Defendant denies the allegations set forth in Paragraph 111.

112. Defendant denies the allegations set forth in Paragraph 112.

113. Defendant denies the allegations set forth in Paragraph 113

114. Defendant denies the allegations set forth in Paragraph 114

115. Defendant denies the allegations set forth in Paragraph 115

116. Defendant denies the allegations set forth in Paragraph 116.

117. Defendant denies the allegations set forth in Paragraph 117.

118. Defendant denies the allegations set forth in Paragraph 118.

119. Defendant denies that Plaintiff is entitled to any damages contained in the "Wherefore" clause of the Complaint.

120. Defendant denies all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

121. The Complaint fails to state a claim upon which relief can be granted.

122. Plaintiff's claims against Defendant Laurence Jaillet is barred, in whole or in part, because there is no individual liability under federal anti-discrimination law.

123. Plaintiff has failed to exhaust her administrative remedies against Defendant.

124. Some or all of the claims are time-barred.

125.    Defendant reserves the right to add additional defenses.

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor and dismiss Plaintiff's claims with prejudice and for such other and further relief as the Court deems appropriate.

By: _____
    Ira G. Rosenstein

Orrick, Herrington & Sutcliffe LLP

666 Fifth Avenue
New York, New York 10103
212-506-5000

Attorneys for Defendant

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK )


PATRICIA L. CULLEN, being duly sworn, deposes and says:

I am not a party to this action, am over 18 years of age, and reside in Suffolk County, State

of New York.  On June 23, 2008, I served a true copy of Defendant Laurence Jaillet's Answer, via

first class mail upon:

> Constantine Hatzis, Esq.
> Cheven, Keely & Hatzis, Esqs.
> 40 Wall Street, 15th Floor
> New York, New York 10005

_____
PATRICIA L. CULLEN


Sworn to before me this
23rd day of June, 2008

_____
Notary Public

**OLGA E. FUCCI**
**Notary Public, State of New York**
No. 01FU4885941
Qualified in Queens County
Commission Expires February 23, 20_11_